Mr. Justice MILLEB,
dissenting.
I do not agree to the judgment of the court in this, case,- and shall, without apology, make a very brief' statement,of my reasons for believing that the judgment of the Court of Appeals of New York should be affirmed. The opinion just read correctly states that the contract in this case, made before the passage of the act or acts commonly called the legal *256 tender acts, was an agreement to pay $1400 “in gold and silver coin, lawful money of the United States.” And I agree that it was the intention of both parties to this coutract that it should be paid in coin. I go a step farther than this, and agree that the legal effect of the contract, as the law stood when it was made, was that it should be paid in coin, and could be paid in nothing else. This was the conjoint effect of the contract of the parties and the law under which that contract was made.
But I do not agree that in this respect the contract under consideration differed, either in the intention of the parties, or in its legal effect, from a contract to pay $1400 without any further description of the dollars to be paid.
The only dollars which, by the laws then in force, or which ever had been in force since the adoption of the Federal Constitution, could have been lawfully tendered in payment of any contract simply for dollars, were gold and silver.
These were the “lawful money of the United States” mentioned in the contract, and the special reference to them gave no effect to that contract, beyond what the law gave.
The contract then did not differ, in its legal obligation, from any other coutract payable in dollars. Much weight is attached in the opinion to the special intent of the parties in using the words gold and silver coin, but as I have shown that the intent thus manifested is only what the law would have implied if those words had not been used, I cannot see their importance in distinguishing this contract from others which omit these words. Certainly every man who at that day received a note payable in dollars, expected and had a right to expect to be paid “in gold and silver coin, lawful money of the United States,” if he chose to demand it. There was therefore no difference in the intention of the parties to such a contract, and an ordinary contract for the payment of money, so far as the right of the payee to exact coin is concerned. If I am asked why these words were used in this case I answer, that they were used out of abundant caution by some one not familiar with the want of power in the States to make legal tender laws. It is very well kn own that *257 under the system of State banks, which furnished almost exclusively the currency in use for a great many years prior to the issue of legal tender notes by the United States, there was a difference between the value of that currency and gold, even while the bank notes were promptly redeemed in gold. And it was doubtless to exclude any possible assertion of the right to pay this contract in such bank notes, that the words gold and silver coin were used, and not with any reference to a possible change in the laws of legal tender established by the United States, which had never, during the sixty years that the government had been administered under the present Constitution, declared anything else to be a legal tender or lawful money but gold and silver coin.
But if I correctly apprehend the scope of the opinion delivered by the Chief Justice, the effort to prove for this contract a special intent of payment in gold, is only for the purpose of bringing it within the principle there asserted, both by express words and by strong implication, that all contracts must be paid according to the intention of the parties .making them. I think I am not mistaken in my recollection that it is broadly stated that it is the business of courts of justice to .enforce contracts as they are intended by the parties, and that the tender must be according to the intent.of the contract.
Now, if the argument used to show the intent of the parties to the contract is of any value in this connection, it is plain that such intent must enter into, and form a controlling element, in the judgment of the court, in construing the legal tender acts.
I shall not here consume time by any attempt to show that the contract in this case is a debt, or that when Congress said that the notes it was about to issue should bo received as a legal tender in payment for all private debts, it intended that which these words appropriately convey. To assume that Congress did not intend by that act to authorize a payment by a medium differing from that which the parties intended by the contract is in contradiction to the express language of the statute, to the sense in which it was acted on by *258 the people, who paid and . received those notes in discharge of contracts for incalculable millions of dollars, whére gold dollars alone had been in contemplation of the parties, and to the decisions of the highest courts of fifteen States in the Union, being all that have passed upon the subject.
As I have no doubt that it was intended by those acts to make the notés of the United States to which they applied a legal tender for all private debts then due, or which might become due on contracts then in existence, without regard to the intent of the parties on that point, I must dissent from the judgment of the court, and from the opinion on which it is founded.